In 1987, defendant-appellant, Art McGavin, was convicted on two counts each of rape and gross sexual imposition and sentenced to a term of five to twenty-five years in prison. The Department of Rehabilitation and Correction subsequently recommended that appellant be adjudicated a sexual predator. Following a hearing conducted pursuant to R.C. 2950.09, the trial court found appellant to be a sexual predator. It is from this finding that appellant appeals setting forth six assignments of error.
The first assignment of error claims that the trial court's decision adjudicating appellant a sexual predator is against the manifest weight of the evidence.
Under R.C. 2950.09(C)(2), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Brown (Oct. 19, 1998), Warren App. No. CA98-03-034, unreported, at 15. Our role is to determine whether the record contains evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id., citing Cross v.Ledford (1954), 161 Ohio St. 469.
At appellant's hearing, the prosecutor introduced evidence that appellant's convictions arose from the molestation of his son's then eight-year-old friend. Although not charged for such, evidence indicated that appellant also molested his son, also eight years of age at the time. Appellant began sexually molesting the boys when, as a scout leader, he took them on camping trips. Over a period of two years, appellant coached the youngsters to have oral sex and engage in "sexual play" with him and with each other. While he was undergoing therapy, appellant denied any sexual activity between himself and the two boys despite continuing his relations with them at the time.
Based upon the foregoing, we find that the record contains clear and convincing evidence to support the trial court's determination. We further find that the trial court properly considered relevant statutory factors under R.C. 2950.09(B)(2) in adjudicating appellant a sexual predator. State v. Brown. See, also, State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error claim that the classification, registration and notification provisions of R.C. Chapter 2950 violate the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
We find no merit in either of these assignments of error based upon the Supreme Court's decision in State v. Cook
(1998), 83 Ohio St.3d 404. See, also, State v. Brown. Accordingly, the second and third assignments of error are hereby overruled.
Appellant presents additional constitutional challenges to R.C. Chapter 2950 in his fourth, fifth and sixth assignments of error. These identical constitutional claims have already been considered and rejected by this court. See State v. Brown. Thus, appellant's fourth, fifth and sixth assignments of error are likewise overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.